**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:**

LISA JOHNSON, KENNEY
JEAN-GILLES, and all others similarly
situated pursuant to 29 U.S.C. §216(b),

                Plaintiffs,

vs.

DIGITAL RISK, LLC, a Delaware
corporation,

                Defendant,

_____/

## <u>COMPLAINT</u>

      Plaintiffs, LISA JOHNSON and KENNEY JEAN-GILLES on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. §216(b), file the following Complaint against Defendant, DIGITAL RISK, LLC ("Defendant" or "DIGITAL RISK"), and allege as follows:

### <u>INTRODUCTION</u>

      1.     This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA").

      2.     Plaintiffs, and other similarly situated employees, worked as "loan processors."

      3.     Plaintiffs, and other similarly situated employees, did not have discretion or independent judgment on matters of significance.

      4.     Accordingly, Plaintiffs, and other similarly situated employees, were non-exempt.

      5.     Despite being non-exempt employees, Defendant did not pay Plaintiffs, and others similarly situated, time and one half for all worked in excess of forty (40) in a given work week.

## PARTIES

6.    Plaintiff, LISA JOHNSON, is an individual who is over the age of eighteen (18), a resident of Broward County, Florida and is otherwise *sui juris.*

7.    Plaintiff, KENNEY JEAN-GILLES, is an individual who is over the age of eighteen (18), a resident of Broward County, Florida and is otherwise *sui juris*.

8.    Defendant, DIGITAL RISK is an active Delaware limited liability company authorized to do business in the State of Florida whose principal place of business is located at 2301 Maitland Center Parkway, Suite 165, Maitland FL 32751.

## JURISDICTION AND VENUE

9.    As this matter is brought pursuant to the FLSA, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

10.    Despite having its principal place of business located in Maitland, Florida, DIGITAL RISK actively conducts business in Palm Beach County, Florida and maintains an office in Palm Beach County located at 5201 Congress Ave., Suite 250, Boca Raton Florida 33487.

11.    Accordingly, Venue is appropriate in this District pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## FLSA COVERAGE

12.    DIGITAL RISK is a covered employer under the FLSA.

13.    During the relevant time period, DIGITAL RISK employed two or more persons, including Plaintiffs, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any persons," as defined in 29 U.S.C. 203(s)(1)(A)(i).

14.    During their employment with Defendant, Plaintiffs, and all other similarly situated employees, worked on interstate commerce.

15.     Specifically, as loan processors, Plaintiffs, and all other similarly situated employees, processed residential mortgages for individuals located all over the United States.

16.     Plaintiffs, and all other similarly situated employees, received paperwork from persons located throughout the United States and processed loans for persons located throughout the United States.

17.     Accordingly, individual FLSA coverage applies.

18.     Additionally, during the relevant time period, DIGITAL RISK achieved annual gross sales or business done in excess of $500,000.00 and is expected to gross in excess of $500,000.00 in 2021, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

19.     Accordingly, FLSA Enterprise Coverage applies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Plaintiffs and all similarly situated individuals worked as mortgage loan processors for the Defendant.

21.     Defendant is a third-party contractor for Bank of America ("BOA"), and possibly other national and/or local banks.

22.     Defendant's contract with BOA is essentially to process residential mortgages on behalf of BOA.

23.     When customers call in to DIGITAL RISK, they think they're dealing with BOA.

24.     In reality, they're dealing with a DIGITAL RISK employee.

25.     As part of their jobs as loan processors, Plaintiffs and all similarly situated individuals have minimum workloads (otherwise known as productivity requirements) to complete on a daily basis.

26.     Failure to complete the required daily workload would result in write-ups and could ultimately lead to termination.

27.     The productivity requirements are extensive.

28.     In fact, the productivity requirements are so extensive, they cannot be completed/achieved within a forty (40) hour workweek.

29.     Nonetheless, Plaintiffs, and all other similarly situated employees, were prohibited from being paid overtime for hours worked over forty (40) in any given workweek.

30.     DIGITAL RISK'S corporate culture was such that employees were expected to work overtime in order to meet the productivity goals without receiving overtime pay.

31.     Defendant is aware of the extra time being worked by its employees.

32.     Specifically, all work required is logged into Defendant's computer system.

33.     Upon information and belief, discovery will reveal that some or all of Defendant's similarly situated employees were working well over forty (40) hours per week, without overtime pay.

34.     As loan processors, Plaintiffs, and all other similarly situated employees, were non-exempt employees.

35.     Specifically, Plaintiffs, and all other similarly situated employees, did not make decisions on the approval or denial of loan applications, did not quote loan rates, did not procure loan rates and did not search loan rates.

36.     Plaintiffs, and all other similarly situated employees, essentially answered loan applicant questions, instructed loan applicants of necessary paperwork and gathered necessary paperwork.

37.     Thus, Plaintiffs, and other similarly situated employees, did not have discretion or independent judgment on matters of significance, making them non-exempt employees entitled to overtime compensation.

**Plaintiff Lisa Johnson**

38.     Lisa was employed with Defendant from November 21, 2019 until approximately September 20, 2020.

39.     During the entirety of her employment, Lisa earned Twenty-Seven Dollars and 00/100 ($27.00) per hour.

40.     In the beginning of her employment, Lisa was paid for all hours worked in excess of forty (40) for a given work week.

41.     However, shortly after the beginning of her employment, Lisa was forced to work over forty (40) hours each work week.

42.     Upon information and belief, Lisa worked approximately between sixty (60) and seventy (70) hours each work week.

43.     Lisa was not paid anything for the hours worked in excess of forty (40) for each workweek.

44.     Lisa is owed Forty Dollars and 50/100 ($40.50) per hour for all hours worked in excess of forty (40) for each work week.

45.     Lisa is not in possession of her time records or pay stubs.

46.     Upon information and belief, Defendants are in possession of the time and pay records which will show the specific hours worked and payments related thereto.

**Plaintiff Kenney Jean-Giles**

47.     Kenney was employed with Defendant from November 11, 2019 until approximately March 9, 2020.

48.     During the entirety of his employment, Kenney earned Twenty-Seven Dollars and 00/100 ($27.00) per hour.

49.     In the beginning of his employment, Kenney was paid for all hours worked in excess of forty (40) for a given work week.

50.     However, shortly after the beginning of his employment, Kenney was forced to work over forty (40) hours each work week.

51.     Upon information and belief, Kenney worked approximately between sixty (60) and seventy (70) hours each work week.

52.     Kenney was not paid anything for the hours worked in excess of forty (40) for each workweek.

53.     Kenney is owed Forty Dollars and 50/100 ($40.50) per hour for all hours worked in excess of forty (40) for each work week.

54.     Kenney is not in possession of his time records or pay stubs.

55.     Upon information and belief, Defendants are in possession of the time and pay records which will show the specific hours worked and payments related thereto.

<u>**COUNT I**</u>
<u>**FEDERAL OVERTIME WAGE LAW VIOLATIONS**</u>
<u>**(Lisa Johnson)**</u>

56.     Lisa re-avers and re-alleges Paragraphs 1 through 46 above, as though fully set forth herein, on behalf of herself and the collective.

57.     This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendant has employed numerous other employees, similarly situated to Lisa, who have not been paid overtime for work performed in excess of 40 hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

58.     29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

59.     Defendant's failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional.

60.     Specifically, Defendant knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law.

61.     As evidence of this, Defendant was previously paying Lisa overtime and then stopped.

62.     Clearly, Defendant's actions were willful and Defendant knew of its obligations under the FLSA.

63.     Accordingly, Lisa is entitled, and specifically request, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing.

64.     Further, upon information and belief, Defendant has employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Federal law, and Plaintiff Johnson reserves the right to add additional persons to this action as opt-in plaintiffs, and to move this Court for certification of a collective action.

## COUNT II
## FEDERAL OVERTIME WAGE LAW VIOLATIONS
### (Kenney Jean-Giles)

65.     Kenney re-avers and re-alleges Paragraphs 1 through 37; 47-55 above, as though fully set forth herein, on behalf of herself and the collective.

66.     This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendant has employed numerous other employees, similarly situated to Kenney, who have not been paid overtime for work performed in excess of 40 hours

during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

67.     29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

68.     Defendant's failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional.

69.     Specifically, Defendant knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law.

70.     As evidence of this, Defendant was previously paying Kenney overtime and then stopped.

71.     Clearly, Defendant's actions were willful and Defendant knew of its obligations under the FLSA.

72.     Accordingly, Kenney is entitled, and specifically request, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing.

73.     Further, upon information and belief, Defendant has employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Federal law, and Plaintiff Jean-Giles reserves the right to add additional persons to this action as opt-in plaintiffs, and to move this Court for certification of a collective action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, LISA JOHNSON and KENNEY JEAN-GILLES ("Plaintiffs"), on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. §216(b) respectfully request certification of a collective action of all current and former employees of Defendant, DIGITAL RISK, LLC, and an award to Plaintiffs and the collective of at least double all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs from the Defendant, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable.

## JURY TRIAL DEMAND

Plaintiffs, request and demand a trial by jury on all such claims.

Dated: March 26, 2021.

Respectfully Submitted,

By: /s/*Michael L. Elkins*
    Michael L. Elkins
    Florida Bar No. 523781
    melkins@mlelawfirm.com
    **MLE LAW**
    633 S. Andrews Ave., Suite 500
    Fort Lauderdale, FL 33301
    Telephone: (954) 401-2608
    *Co-Counsel for Plaintiffs*

    **Law Offices of Nolan Klein, P.A.**
    *Co-Counsel for Plaintiffs*
    633 S. Andrews Ave., Ste. 500
    Fort Lauderdale, FL 33301
    PH:   (954) 745-0588

By: */s/ Nolan K. Klein*
    NOLAN K. KLEIN
    Florida Bar No. 647977
    klein@nklegal.com
    amy@nklegal.com